

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ERIC ADAM GRUENINGER,**

    Petitioner,

v.                                                                  Civil Action No. **3:15CV169**

**DIRECTOR, VIRGINIA DEPARTMENT OF
CORRECTIONS,**

    Respondent.

## REPORT AND RECOMMENDATION

Eric Adam Grueninger, a Virginia inmate proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2254 (hereinafter, "§ 2254 Petition," ECF No. 1). In his § 2254 Petition, Grueninger contends the Circuit Court for the County of Hanover ("Circuit Court") violated his rights when it revoked a portion of his suspended sentence. Respondent has moved to dismiss the action (ECF No. 6). The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons that follow, it is RECOMMENDED that the § 2254 Petition be DISMISSED because Grueninger's claims lack merit.

**A.**     **Pertinent Procedural History**[1]

Following a bench trial,

> the Circuit Court convicted Grueninger of two counts of indecent liberties with a child under age fifteen, two counts of aggravated sexual battery by a parent with a child at least thirteen but less than fifteen, one count of rape, three counts of forcible sodomy, two counts of object sexual penetration, nine counts of possession of child pornography, and one count of distribution of child pornography. Thereafter, the Court sentenced Grueninger to 235 years in prison with 147 years suspended.

---

[1] As Respondent concedes that Petitioner has properly exhausted his claims (Br. Supp. Mot. Dismiss 3, ECF No. 7), only a limited discussion of the procedural history is necessary.

*Grueninger v. Dir., Va. Dep't of Corr.*, No. 3:13CV260, 2014 WL 2925285, at *1 (E.D. Va. June 27, 2014) (internal and external citations omitted). As a condition of his suspended sentences, the Circuit Court ordered that Grueninger "was to have 'no direct or indirect contact' with his daughter." *Grueninger v. Commonwealth*, No. 0211-13-2, at 2 (Va. Ct. App. Oct. 21, 2013).

> Despite the foregoing prohibition,
>
> > once incarcerated, on four separate occasions, Grueninger mailed various cards and letters to his daughter by sending them to her in care of his wife at his wife's post office box address. His wife intercepted the letters and forwarded them to the local police. At his revocation hearing, the Commonwealth submitted these cards and letters into evidence. Grueninger admitted he had "absolutely" sent the cards and correspondence. Finding he had violated the terms of his suspended sentences, the trial court revoked the 147-year suspension, and resuspended 146 years.

*Id.*

Grueninger appealed, arguing "that because the mail never actually reached his daughter, he did not actually contact her and thus, his actions were not a violation of the trial court's order." *Id.* The Virginia Court of Appeals rejected this argument noting:

> Here, Grueninger attempted to contact his daughter via mail several times. He admitted he was the author of the correspondence, and the Commonwealth submitted the correspondence into evidence. The letters were clearly addressed to his daughter, in care of his wife. It is irrelevant that his letters never actually reached his daughter because, in sending them, Grueninger was intentionally attempting to pierce the protective barrier that the trial court had created in response to his numerous sexual predatory acts against his daughter.
> . . . .
> Grueninger has failed to demonstrate that the trial court abused its discretion in revoking the suspended sentences. Part of his sentencing order contained a good behavior provision; the evidence is undisputed that Grueninger violated this condition of his suspended sentences by repeatedly violating the no contact order when he sent letters to his daughter. Thus, the trial court did not abuse its discretion when it revoked a portion of his suspended sentences.

*Id.* at 3-4 (citation omitted).

**B.     Grueninger's Claims**

Grueninger demands relief upon the following grounds:

Claim One   The Circuit Court denied Grueninger due process and equal protection when it found sufficient evidence to revoke Grueninger's probation even though the evidence proved that Grueninger did not actually contact his daughter. (§ 2254 Pet. 4.)

Claim Two   The Circuit Court erred in convicting Grueninger of violating the terms of his probation when he "was never on probation or serving a suspended sentence[,] in violation of the Code of Virginia §19.2-306" and his rights to due process and equal protection. (*Id.* at 5.)

As explained below, both of these claims lack merit.

**C.     The Applicable Constraints upon Federal Habeas Corpus Review**

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that

determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

### D. Claim One

In Claim One, Grueninger suggests that the Circuit Court somehow violated his constitutional rights by revoking a portion of his suspended sentence. In making this argument, Grueninger misperceives the amount of protection the Constitution affords with respect to suspended sentences. In order to obtain federal habeas relief, Grueninger must demonstrate that "'the state court judge abused his discretion to the extent that petitioner was deprived of his federal constitutional rights to due process.'" *Cannady v. Everett*, No. 3:09cv41, 2010 WL 1169965, at *2 (E.D. Va. Mar. 24, 2010) (quoting *Klier v. Wainwright*, 345 F. Supp. 947, 949 (S.D Fla. 1971)). No such due process violation exists here.[2]

The pertinent Virginia statute expressly granted the Circuit Court discretion to revoke the suspended sentences for any reason the court deemed sufficient. Va. Code Ann. § 19.2-306(A) (West 2015) ("In any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court.") Contrary to Grueninger's suggestion, "'[p]roof sufficient to support a criminal conviction is not required to support a judge's discretionary order revoking probation.'" *Cannady*, 2010 WL 1169965, at *2 (quoting *United States v. Williams*, 378 F.2d 665, 666 (4th Cir. 1967)). The Circuit Court only needed to be "reasonably satisfied" that Grueninger violated the terms of his suspended sentence in order to revoke his suspended

---

[2] Grueninger also suggests that he was denied equal protection. Grueninger fails to demonstrate that his right to equal protection was implicated, much less violated, by the revocation of his suspended sentence.

4

sentence. *Id.* (citing *United States v. Cates*, 402 F.2d 473, 474 (4th Cir. 1968); *Williams*, 378 F.2d at 666; *Brown v. Slayton*, 337 F. Supp. 10, 13 (E.D. Va. 1971)).

Here, ample evidence supported the Circuit Court's conclusion that Grueninger violated both the letter and the spirit of the terms of his suspended sentences by attempting to contact his daughter. No due process violation occurred. Accordingly, it is RECOMMENDED that Claim One be DISMISSED.

### E. Claim Two

In Claim Two, Grueninger insists that, under section 19.2-306(A) of the Code of Virginia, the Circuit Court could not revoke his suspended sentence because he had yet to begin to serve his term of probation. The Virginia courts rejected this argument. *See Grueninger*, No. 0211-13-2, at 3-4; *see also* Va. Code Ann. 19.2-306(A) (West 2015) (stating that the Circuit Court may revoke any portion of a suspended sentence "for any cause the court deems sufficient that occurred at any time within . . . the period of suspension fixed by the court"). This federal habeas corpus court may not revisit that determination of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Furthermore, Grueninger fails to direct the Court to any persuasive authority for his conclusion that revocation of his suspended sentence violated his right to due process and equal protection. *Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of habeas relief appropriate where it "stated only bald legal conclusions with no supporting factual allegations"). Accordingly, it is RECOMMENDED that Claim Two be DISMISSED.

## F. Conclusion

Accordingly, it is RECOMMENDED that the Motion to Dismiss (ECF No. 6) be GRANTED, the action be DISMISSED, and the Court DENY a certificate of appealability.

Grueninger is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Grueninger and counsel for Respondent.

It is so ORDERED.

/s/ 
Roderick C. Young
United States Magistrate Judge

Date: NOV 1 7 2015
Richmond, Virginia