# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

**ERIC ADAM GRUENINGER,**

Petitioner,

v.  Civil Action No. 3:15CV169

**DIRECTOR, VIRGINIA DEPARTMENT OF CORRECTIONS,**

Respondent.

## MEMORANDUM OPINION

Eric Adam Grueninger, a Virginia inmate proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition"). For the reasons set forth below, the action will be DISMISSED AS MOOT.

### A. Pertinent State Court Proceedings

Following a bench trial,

> the Circuit Court convicted Grueninger of **two counts of indecent liberties with a child under age fifteen, two counts of aggravated sexual battery by a parent with a child at least thirteen but less than fifteen, one count of rape, three counts of forcible sodomy, two counts of object sexual penetration,** nine counts of possession of child pornography, and one count of distribution of child pornography. Thereafter, the Court sentenced Grueninger to 235 years in prison with 147 years suspended.

*Grueninger v. Dir., Va. Dep't of Corr.*, No. 3:13CV260, 2014 WL 2925285, at *1 (E.D. Va. June 27, 2014) (internal and external citations omitted). For ease of reference, the Court refers to the charges in bold as the "sexual abuse charges." As a condition of his suspended sentences, the Circuit Court ordered that Grueninger "was to have 'no direct or indirect contact' with his daughter." *Grueninger v. Commonwealth*, No. 0211-13-2, at 2 (Va. Ct. App. Oct. 21, 2013).

> Despite the foregoing prohibition,
>
>> once incarcerated, on four separate occasions, Grueninger mailed various cards and letters to his daughter by sending them to her in care of his wife at his wife's post office box address. His wife intercepted the letters and forwarded them to the local police. At his revocation hearing, the Commonwealth submitted these cards and letters into evidence. Grueninger admitted he had "absolutely" sent the cards and correspondence. Finding he had violated the terms of his suspended sentences, the trial court revoked the 147-year suspension, and resuspended 146 years.

*Id.* For ease of reference, the Court refers to this term of imprisonment as "the probation violation sentence." The probation violation sentence flowed from one of the sexual abuse charges. (ECF No. 28 ¶ 2.)

### B. Prior § 2254 Proceeding with Respect to the Revocation of the Suspended Sentence and the Original Convictions

Thereafter, Grueninger filed the present 28 U.S.C. § 2254 Petition challenging the revocation of his suspended sentence. *See Grueninger v. Dir., Va. Dep't Corr.*, No. 3:15CV169, 2016 WL 438974, at *1 (E.D. Va. Feb. 3, 2016). By Memorandum Opinion and Order entered on February 3, 2016, the Court denied the § 2254 Petition. *Id.* at *4.

Previously, Grueninger had filed a separate 28 U.S.C. § 2254 Petition challenging his convictions for child pornography and the sexual abuse of his daughter. *See Grueninger v. Dir., Va. Dep't Corr.*, 813 F.3d 517, 523 (4th Cir. 2016). The Court dismissed the petition. *See id.*

Grueninger appealed. On February 9, 2016, the United States Court of Appeals for the Fourth Circuit reversed in part the decision of this Court and "remand[ed] with instructions that the district court issue Grueninger a writ of habeas corpus as to the sexual abuse charges unless the Commonwealth endeavors, within a reasonable period of time, to prosecute him in a new trial on those counts without utilizing [Grueninger's] confession." *Id.* at 532.

Accordingly, by Order entered February 12, 2016, the Court vacated the February 3, 2016 Memorandum Opinion and Order which had dismissed the § 2254 Petition that had challenged the revocation of Grueninger's suspended sentence. (ECF No. 19.)

The Commonwealth has now reprosecuted and convicted Grueninger with respect to the sexual abuse charges. Because it appeared that the probation violation sentence that was the subject of the underlying 28 U.S.C. § 2254 Petition in this matter no longer exists, by Memorandum Order entered on October 27, 2017, the Court directed Respondent to inform this Court as to whether this matter can be dismissed as moot and provide a copy of any state court record that reflects that the probation violation sentence no longer exists.

On November 15, 2017, Respondent filed his response and confirmed that the action is moot as the probation violation sentence that was the subject of the underlying 28 U.S.C. § 2254 Petition in this matter no longer exists. (ECF No. 30 ¶¶ 5–6.) Accordingly, the action WILL BE DISMISSED AS MOOT. The Court will DENY a certificate of appealability.

An appropriate Final Order shall issue.

It is so ORDERED.

Date: 12/11/17
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge